UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-1331-JD |
| | ) |
| RICHARD R. ROOD, JR. a/k/a BRINK ROOD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

<u>OPINION and ORDER</u>

This case involves complex choice of law issues concerning a breach of contract action. To further (unnecessarily) complicate matters, the parties' filings fail to comply with the court's local rules. By way of example, single responses to multiple motions have been filed [*see, e.g.*, DE 48] and exhibits themselves seek relief from the court in relation to motions [*see, e.g.*, DE 37-1]. Going forward, motions must be filed separately (unless they involve an alternative request) and any responsive filing must not contain combined responses to multiple filings. *See* N.D. Ind. L.R. 7-1. Moreover, the court cannot overlook the fact that the parties' filings are inundated with personal attacks on one another which are unhelpful to resolving the issues raised. The undersigned would hope future filings focus only on the substantive issues to promote the efficient resolution of the case.

*Background*

This case was filed in the Superior Court of California, and after its removal to the U.S. District Court for the S.D. of California based on diversity jurisdiction, it was transferred to this court. Lycurgan, a California-based firearm parts retailer, brought suit against Indiana-based

defendants: Blood Brothers Armory LLC, a manufacturer and supplier of gun components, in particular AR-15 lower receivers; Richard Rood, Blood Brothers' sole member; Vision Armory LLC, an affiliate of Blood Brothers Armory; and, Michiana Investments II LLC, the owner of the membership interests of Vision Armory.[1] Lycurgan asserts (among other things) that it entered into a contract to purchase 80% AR-15 lower receivers from Blood Brothers, that Blood Brothers breached the contract by tendering non-conforming goods, and that Lycurgan has suffered damages as a result. In response, defendants filed their answer and counterclaims, in which they allege (among other things) that Lycurgan breached the contract by not honoring its promise that Blood Brothers would be its exclusive supplier of gun components and by wrongfully rejecting and not paying for the goods tendered by Blood Brothers. Other claims sounding in fraud and unfair competition lurk in the background.

*Defendants' Counterclaims*

Relative to Richard Rood, Jr., Blood Brothers Armory LLC, and Vision Armory LLC's ("defendants") counterclaims, it appears that after plaintiff Lycurgan moved to dismiss [DE 25] their counterclaim for defamation [DE 14 at 72-77], defendants filed an amended counterclaim for defamation [DE 35 at 75-79; DE 49 at 103-107]. In response, Lycurgan again moved to dismiss [DE 51] the counterclaim for defamation. Accordingly, the original motion to dismiss defendants' counterclaim for defamation is DENIED AS MOOT [DE 25] given that the counterclaims have since been amended. The renewed motion on the amended counterclaim for defamation remains pending [DE 51].

---

[1] Defendants have confirmed that the named limited liability companies are Indiana companies with members that are only citizens of Indiana [DE 49 at 75-76].

*Plaintiff's Claims*

Relative to Lycurgan's initial complaint [DE 1], defendants filed an answer [DE 14] and then moved for partial judgment on the pleadings [DE 18]. Lycurgan responded [DE 37] to the request for judgment on the pleadings, but also filed an amended complaint [DE 38]. Defendants sought to strike Lycurgan's response [DE 39] and the amended complaint as untimely [DE 41], but the magistrate judge declined to strike the filings [DE 56].

Defendants have since objected to the magistrate's decision [DE 60], a matter which the undersigned must resolve before ruling on defendants' motion for judgment on the pleadings [DE 18]. If the amended complaint becomes the operative pleading, then the undersigned need not decide whether Lycurgan's response to defendants' motion for judgment on the pleadings should have been struck, because the motion itself—which is premised on the insufficiency of the original complaint's allegations—would be moot.

The motion to review [DE 60] the magistrate's decision is ripe since both the response [DE 62] and reply [DE 63] have been filed. Relevant for the purposes of this order is the fact that Lycurgan's amended complaint [DE 38], when compared to the initial complaint [DE 1], adds over 35 paragraphs worth of factual assertions in support of its various state law claims. In addition, the amended complaint was filed only one day after the court ordered deadline of February 17, 2014 [DE 34].[2]

*Discussion*

Under Federal Rule of Civil Procedure 72(a), a magistrate judge may rule on "a pretrial

---

[2] While the magistrate's text only entry supplied a deadline of February 17, 2014, the magistrate's attached order inadvertently allowed until February 17, 2015 to amend the pleadings.

matter not dispositive of a party's claim or defense" when such claims are referred to him. Under this court's General Order 2012-10, all non-dispositive pretrial matters are automatically referred to the magistrate judge assigned to the case. Similar to a motion to amend the complaint, a motion to strike an amended complaint is not a dispositive motion, and therefore may be delegated to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006).

When reviewing a magistrate judge's order on a non-dispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal citations omitted)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package System, Inc.*, No. 3:05-MD-527-RM, 2009 WL 5217341, *3 (N.D. Ind. Dec. 28, 2009) (citation omitted).

The parties' disagreement boils down to the fact that Lycurgan's amended complaint was *admittedly* filed (from California) 3 hours and 51 minutes after the deadline of February 17, 2014 (midnight EST). In his order, the magistrate judge deemed the filing timely under Fed. R. Civ. P. 6(a)(1)(C), because February 17 was a holiday [DE 56]. Defendants argue that the time computation provisions of Rule 6 do not apply to a date certain set by court order, and the

4

magistrate judge failed to consider their timely filed reply brief[3] which addressed this point.

However, the undersigned concludes that whether employing the clear error standard or the contrary to law standard, the amended complaint should not be stricken. In other words, even if the Rule 6 computations do not apply when a fixed time to act is set,[4] and therefore, Lycurgan's amended complaint was hours late (as it has admitted), Rule 15 permits a party to amend its pleading with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In fact, the court should freely permit an amendment of the pleadings even as late as trial if a party objects that evidence presented is not within the issues raised in the pleadings. Fed. R. Civ. P. 15(b)(1). The court has broad discretion to deny or grant leave to amend. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (internal citations omitted). Delay alone is usually an insufficient reason to deny a motion to amend, but as the delay increases, so does the justification to deny leave. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (internal citations omitted). Rather, "the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Park v. City of Chicago,* 297 F.3d 606, 613 (7th Cir. 2002). Ultimately, Rule 15(a)'s command that leave to amend 'shall be freely given' should be followed unless apparent interests weigh against amendment, such as undue delay, bad faith, or futility. *Fish v. GreatBanc Trust Co.,* 749 F.3d 671, 689 (7th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

First, there is simply no showing of bad faith on the part of Lycurgan who admits to

---

[3] The irony of which is not lost on the court.

[4] *See* Fed. R. Civ. P. 6 (2009 advisory committee's note).

working on the filing late in the evening and missing the filing deadline by mere hours. In addition, the filing deadline was admittedly misstated in the magistrate judge's written order.

Second, defendants' claimed prejudice is exaggerated. The deadline was missed by hours, not days, weeks, or months. Certainly defense counsel were not working on the case in the wee morning hours of February 18, since they didn't contend otherwise or make filings on that day. It is true that defendants will have to refile their motion for judgment on the pleadings in order to incorporate new relevant factual allegations from the amended complaint. However, defendants took this chance when they filed their motion on January 17, 2014, just days before defendants themselves proposed a cutoff date of June 2, 2014 for the amendment of any pleadings [DE 24 at 6]. Aside, a motion for judgment on the pleadings isn't proper until the pleadings have closed. *See* Fed. R. Civ. P. 12(c). And, according to defendants' own assertions, the amended complaint does not remedy the alleged deficiencies raised by the motion for judgment on the pleadings; thus, it shouldn't take much effort to tweak the partial motion for judgment on the pleadings to incorporate the amended complaint's allegations.

Finally, striking the amended complaint works a hardship on both parties by unnecessarily delaying the inevitable. Even defendants acknowledge that if the amended complaint is struck, Lycurgan can simply seek leave to amend the complaint under Rule 15. Ultimately, the mere four-ish hour delay of the amended complaint's filing resulting from excusable neglect has already caused enough additional delay and expense (by generating over one hundred pages of briefing). *Lewis v. School Dist. #70*, 523 F.3d 730. 740 (7th Cir. 2008) (reasoning that the determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission) (citation omitted). It's time to move

6

on with these judicial proceedings and justice requires allowing the amended complaint to remain filed under the instant circumstances. *See* Fed. R. Civ. P. 1 (the court has the obligation to construe and administer the federal rules to secure the "just, speedy, and inexpensive determination of every action and proceeding").

The amended complaint has been filed and already answered by defendants [DE 49]. The undersigned ADOPTS the magistrate judge's ultimate conclusion insofar as it declined to strike the amended complaint, the motion to review the magistrate's decision and strike the amended complaint is DENIED [DE 60], and the motion for judgment on the pleadings [DE 18] is DISMISSED AS MOOT WITH LEAVE TO RE-FILE.

The clerk is also directed to term the motion to dismiss defendants' counterclaim for defamation because it is DENIED AS MOOT [DE 25].

SO ORDERED.

ENTERED: August 28, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court