UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-1331-JD |
| | ) |
| RICHARD R. ROOD, JR. a/k/a BRINK ROOD, *et al.*, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

OPINION AND ORDER

*Background*

Lycurgan, a California-based firearm parts retailer, brought suit[1] against Indiana-based defendants: Blood Brothers Armory LLC, a manufacturer and supplier of gun components, in particular AR-15 lower receivers; Richard Rood, Blood Brothers' sole member; Vision Armory LLC, an affiliate of Blood Brothers Armory; and, Michiana Investments II LLC, the owner of the membership interests of Vision Armory.[2] Lycurgan asserts (among other things) that it entered into a contract to purchase 80% AR-15 lower receivers from Blood Brothers, that Blood Brothers breached the contract by tendering non-conforming goods, and that Lycurgan has suffered damages as a result. In response, defendants filed their answer and counterclaims, in which they allege (among other things) that Lycurgan breached the contract by not honoring its

---

[1] On August 26, 2013, the action was commenced by Lycurgan in the Superior Court of California [DE 1-2], and then, after removal, it was transferred to this Court by the U.S. District Court for the Southern District of California under 28 U.S.C. § 1404(a) on the basis of convenience [DE 10].

[2] Defendants have confirmed that the named limited liability companies are Indiana companies with members that are only citizens of Indiana [DE 49 at 75-76]. Jurisdiction is predicated on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

promise that Blood Brothers would be its exclusive supplier of gun components and by wrongfully rejecting and not paying for the goods tendered by Blood Brothers.

Relative to Richard Rood, Jr., Blood Brothers Armory LLC, Vision Armory LLC, and Michiana Investments II LLC's ("defendants") amended counterclaim for defamation [DE 49 at pp. 103-107 ("Count X")], Lycurgan moved to dismiss it [DE 51], and the motion is fully briefed [DE 58, DE 61].

*Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted.[3] In general, when a court considers a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the federal "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Notice-pleading requires that a complainant provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide "fair notice" of the claim and its basis. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citations omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). To determine the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule

---

[3]The legal standard governing a motion to dismiss a counterclaim is the same. *See*, *e.g.*, *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if there are well-pleaded factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"In *Twombly* and *Iqbal*, the Supreme Court held that in order to survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff must have pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 537 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "A complaint need not contain detailed factual allegations to meet that standard, but must go beyond mere labels and conclusions, and must 'be enough to raise a right to relief above the speculative level.'" *G&S Holdings*, 697 F.3d at 537 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted). As the Seventh Circuit has explained,

> *Iqbal* clarified two working principles underlying the *Twombly* decision. First, although the complaint's factual allegations are accepted as true at the pleading

stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. *Id*. Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, the plausibility standard calls for a "context-specific" inquiry that requires the court "to draw on its judicial experience and common sense." *Id*. at 679, 129 S.Ct. 1937. This is "not akin to a 'probability requirement,'" but the plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678, 129 S.Ct. 1937.

*McReynolds v. Merrill Lynch & Co., Inc*., 694 F.3d 873, 885 (7th Cir. 2012).

Rule 10(c) describes the type of materials that can be considered to be part of a pleading:

A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(c). This means that a court can consider for purposes of a Rule 12 motion, documents that are attached to a pleading if they are referred to in the complaint and are central to the plaintiff's claims. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *see Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.") (citations omitted).

The heart of defendants' Count X defamation claim relies on an October 18, 2013 press release (and a screen shot of the same from Lycurgan's website) which were attached to defendants' amended counterclaims [DE 49-1, Exhibits W, X]. There is no factual dispute as to their contents and the Court may look at these exhibits without converting the motion into one for summary judgment.

*Discussion*

In order to prove defamation, a plaintiff must show the existence of a communication

4

with defamatory imputation, malice, publication, and damages. *Trail v. Boys & Girls Clubs of N.W. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006) (quoting *Davidson v. Perron*, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999)); Ind. Code 34-15-1-1 ("it is sufficient to state generally that the defamatory matter published or spoken was about the plaintiff"); *Hui v. Sturbaum,* 222 Cal.App.4th 1109, 1118 (Cal. Ct. App. 2014) (the elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage). Most important to the instant motion is the requirement that "[d]efamatory words are not actionable unless they refer to some ascertained or ascertainable person, and that person must be plaintiff." *Schrader v. Eli Lilly and Co.*, 639 N.E.2d 258, 261 (Ind. 1994); *see Westfield Ins. Co. v. Gil Behling & Son, Inc.*, No. 2:08-CV-317-TS, 2010 WL 989933, *11 (N.D. Ind. Mar. 15, 2010); *see also Barger v. Playboy Enterprises, Inc.*, 564 F.Supp. 1151, 1153 (N.D. Cal. 1983) ("Plaintiffs who sue for defamation must show that the allegedly libelous statements were made 'of and concerning' them, i.e., referred to them personally."); *GetFugu, Inc. v. Patton Boggs LLP*, 162 Cal.Rptr.3d 831, 839, n. 11 (Cal. Ct. App. 2013) (press release and social network posting did not mention the CEO and therefore the CEO failed to meet his burden to show his defamation claim had minimal merit); *Noral v. Hearst Publications, Inc.*,104 P.2d 860, 862 (Cal. Dist. Ct. App. 1940) ("[t]he complaint must fail because the publication does not defame any ascertainable person.").[4]

---

[4]Lycurgan notes that because both Indiana and California law require the subject of the defamation to be ascertainable from the allegedly defamatory comments, no conflict between the laws exist and therefore Indiana law applies [DE 52 at 5]. Defendants do not contest the point and rely on Indiana law as well. But when a case is removed to federal court and then transferred to another federal court in a different state pursuant to 28 U.S.C. § 1404, as it was here, the choice-of-law principles of the state in which the original district court sits—in this case California—typically govern the case. *See Morris v. Nuzzo,* 718 F.3d 660, 673 (7th Cir. 2013); *Anderson v. Aon Corp.*, 614 F.3d 361, 365 (7th Cir. 2010) (noting that a transfer under § 1404(a) does not affect the applicable law, and in this case, that

In Count X of the amended counterclaims, Defendants Blood Brothers Armory LLC, Richard Rood, Vision Armory LLC, and Michiana Investments II LLC allege that "[o]n or about October 18, 2013, [Lycurgan] issu[ed] a press release on Lycurgan's online store/website (www.aresarmor.com) representing to its actual and potential customers that it was the victim of a $600,000.00 fraud that is currently being litigated in the courts." [DE 49 ¶ 161]. The actual statement, which was also included in a letter from Lycurgan's President, Dimitri Karras, to Lycurgan's customers, reads as follows:

> In a moment of weakness I was *venting to a close friend* this week about the challenges that we have faced. *I spoke about the six hundred thousand dollar loss due to fraud that is currently in the courts* and about the three hundred thousand dollar loss due to a burglary. I told him about how badly our name had been thrown through the mud. *We talked for several hours* . . .

[DE 49-1, Exhibits W, X] (emphasis added). Defendants claim that the statements made by Lycurgan's president to at least one other person prior to the issuance of the press release also serves as a basis for their defamation claim [DE 49 ¶ 161]. Defendants assert that because these false remarks ascribe criminal and other misconduct to Blood Brothers Armory LLC, Richard Rood, and/or Vision Armory LLC, the comments constitute defamation *per se*, *id*. at ¶¶ 162, 170, for which defendants seek a recovery of compensatory and punitive damages and attorneys' fees. *Id.* at p. 106.

Lycurgan argues that these statements are not actionable as defamation because there is no indication that the fraud referenced was perpetrated by Blood Brothers Armory LLC, Richard

---

means that California's choice-of-law rules, which governed both in state court and in the federal district court in California, govern even after the case was transferred to another federal court outside the State of California). However, with respect to the only issue raised in the instant motion—that being the ascertainability of defendants as the allegedly defamed entities—the Court agrees that the laws of Indiana and California have the same ascertainment-requirement (as cited in this order), and therefore the outcome will be the same regardless of which law is applied.

Rood, Vision Armory LLC, or Michiana Investments II LLC.  Lycurgan further explains that the only way to learn the identity of those referred to in the statements would be by discovering the instant lawsuit and reading the allegations in the pleadings—but those allegations are privileged (under Indiana and California law) from any claimed defamation [DE 52 at 8].  Lycurgan acknowledges that only the statements made in the pleadings on file in this case, and not published elsewhere, would be privileged [DE 61 at 4].

Defendants argue that their counterclaim specifically alleges that the statements were made about them [DE 58 at 4-5].  In addition, defendants contend that the exact substance of the other verbal statements made by Lycurgan's president, which may have specifically referenced the defendants by name, and the identities of the persons to whom such statements were made, are currently unknown and can only be made known with the assistance of discovery because the information is within the exclusive possession of Lycurgan. *Id.*

The Court agrees with defendants.  Here, defendants' counterclaim for defamation specifically alleges that Lycurgan's president made statements to at least one unknown individual which referred to Lycurgan's being a victim of fraud at the hands of the defendants [DE 49 ¶¶ 161-162].  The exhibits attached to the pleading support these accusations as Lycurgan's October 18, 2013 press release and website explicitly indicate that Lycurgan's president spoke with "a close friend" for "several hours" about the loss due to fraud that is currently being litigated in the instant lawsuit [DE 49-1, Exhibits W, X].

Given this, defendants have sufficiently provided the particular operative facts of the alleged defamation—the who, what, and when of its making—for purposes of the federal pleading standards and providing Lycurgan with sufficient notice of the basis for the claim. *See,*

7

*e.g.*, *Farr v. St. Francis Hosp. & Health Ctrs.*, 2007 WL 2793396 at 4 (S.D. Ind. Sept. 26, 2007) (citing *Trail v. Boys & Girls Clubs*, 845 N.E.2d 130, 137 (Ind. 2006)); *Norsat Intern., Inc. v. B.I.P. Corp.,* No. 12cv674-WQH-NLS, 2013 WL 5530771, *5 (S.D. Cal. Oct. 3, 2013) (noting that the moving party failed to cite to any legal authority requiring that the pleading identify the specific third person to whom the allegedly defamatory statement was directed) (citing *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (Cal. Ct. App. 1999)).

As to the exact statements made by Lycurgan's president concerning the ongoing litigation involving the named defendants and the identity of the president's "close friend" with whom those statements were shared, those are the subjects of future discovery. This type of focused discovery is certainly not "a fishing expedition . . . for statements that might defame" defendants—as characterized by Lycurgan [DE 61 at 5]. Rather, given that Lycurgan's press release and website explicitly indicated that its president made statements about an alleged fraud and the ongoing litigation involving the named defendants, then the specifics of those statements should not be difficult to extract from the known source. Lastly, Lycurgan's reliance on *Love v. Rehfus*, 946 NE.2d 1 (Ind. 2011) in support of its request for dismissal is misplaced, given that the procedural posture in *Love* involved a motion for summary judgment—the "put up or shut up" moment requiring the claimant to "show what evidence [he] has that would convince a trier of fact to accept [his] version of events." *Olendzki v. Rossi,* 765 F.3d 742, 749 (7th Cir. 2014) (quoting *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)).

For these reasons, Lycurgan's motion to dismiss the amended counterclaim for defamation, Count X, is DENIED [DE 51].

SO ORDERED.

ENTERED: December 3, 2014

                                                  /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court